UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KING RANGE,

        Plaintiff,

-against-

480-486 BROADWAY, LLC, MADEWELL, INC.
AND J. CREW GROUP, INC.,

        Defendants.

No. 14-CV-02447 (LAK)

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

LITTLER MENDELSON, P.C.
Joel L. Finger
Eric D. Witkin
900 Third Avenue
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendants*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS ................................................................................................................................... 2

ARGUMENT ......................................................................................................................... 7

PLAINTIFF'S REQUEST FOR RECONSIDERATION MUST BE DENIED ..................... 7

    A.    Standards For Reconsideration ............................................................................ 7

    B.    Plaintiff's Disagreement With The Court's Decision Does Not Raise Factual Or Legal Issues Sufficient For A Successful Motion To Reconsider ......................................................................................................... 8

    C.    There Were No Misrepresentations .................................................................. 12

    D.    The Stay Was An Appropriate Exercise Of The Court's Discretion Pursuant To The Federal Rules Of Civil Procedure ........................................... 12

CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Already, LLC v. Nike, Inc.,*
  133 S. Ct. 721 (2013) ................................................................................................................14

*Azrelyant v. B. Manischewitz Co.,*
  2000 U.S. Dist. LEXIS 2192, 2000 WL 264345 (E.D.N.Y. Jan. 12, 2000) ...........................14

*Bernardo v. E. Associated Coal, LLC,*
  2009 U.S. Dist. LEXIS 17493, 2009 WL 564445 (N.D. W.Va. March 3, 2009) ...................10

*Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.,*
  532 U.S. 598 (2001) ................................................................................................................14

*Catskill Mountains Chapter of Trout Unlimited, Inc., v. EPA,*
  630 F. Supp. 2d 295 (S.D.N.Y. 2009) ..................................................................................9, 10

*Christoforou v. Cadman Plaza N., Inc.,*
  2009 U.S. Dist. LEXIS 25162, 2009 WL 723003 (S.D.N.Y. Mar. 19, 2009) ..........................7

*Disabled Patriots of Am., Inc. v. Niagara Group Hotels, LLC,*
  688 F. Supp. 2d 216 (W.D.N.Y. 2010) ....................................................................................14

*Drapkin v. Mafco Consol. Group, Inc.,*
  818 F. Supp. 2d 678 (S.D.N.Y. 2011) .......................................................................................7

*Eisemann v. Greene,*
  204 F.3d 393 (2d Cir. 2000) ......................................................................................................7

*Fed. Hous. Fin. Agency v. UBS Americas, Inc.*
  2013 U.S. Dist. LEXIS 92081, WL 3284118 (S.D.N.Y. June 28, 2013) ..........................13, 14

*Goldstein v. Time Warner New York City Cable Grp.,*
  3 F. Supp. 2d 423 (2d Cir. 1998) ...............................................................................................8

*Gropper v. Fine Arts Hous., Inc.,*
  2014 U.S. Dist. LEXIS 66229, 2014 WL 1327964 (S.D.N.Y. May 14, 2014) ...............*passim*

*Houbigant, Inc. v. ACB Mercantile, Inc.,*
  914 F. Supp. 997 (S.D.N.Y. 1996) ............................................................................................8

*In re: Bank of New York Mellon Corp. Forex Transactions Litig.,*
  2014 U.S. Dist. LEXIS 142945, 2014 WL 4827945 (S.D.N.Y. Sept. 22, 2014) ....................15

# TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*Kahn v. NYU Med. Ctr.,*
 2007 U.S. Dist. LEXIS 49840, 2007 WL 2000072 (S.D.N.Y. Jul. 10, 2007), *aff'd,*
 328 F. App'x 758 (2d Cir. 2009) ..................................................................................14

*Krist v. Kolombos Rest. Inc.,*
 688 F.3d 89 (2d Cir. 2012) ............................................................................................14

*Landis v. North Am. Co.,*
 299 U.S. 248 (1936) .................................................................................................8, 12

*LaSala v. Needham & Co., Inc.,*
 399 F. Supp. 2d 421 (S.D.N.Y. 2005) ............................................................................8

*Lopez v. Wasko,*
 2014 U.S. Dist. LEXIS 134483, 2014 WL 4746723 (D. Col. Sept. 24, 2014) ............11

*Louis Vuitton Malletier S.A. v. LY USA, Inc.,*
 676 F.3d 83 (2d Cir. 2012) .......................................................................................9, 12

*Nat'l Alliance for Accessability, Inc. v. Walgreen Co.,*
 2011 U.S. Dist. LEXIS 13617, 2011 WL 5975809 (M.D. Fla. Nov. 28, 2011) ..........14

*Powell v. Nat'l Bd. of Med. Examiners,*
 364 F.3d 79 (2d Cir. 2004) .......................................................................................9, 14

*Reynolds v. Sealift, Inc.,*
 311 F. Appx. 422 (2d Cir. 2009) ..................................................................................13

*Rush v. Fresh & Easy Neighborhood Mkt., Inc.,*
 2011 U.S. Dist. LEXIS 156514 (C.D. Cal. Dec. 6, 2011) ...........................................14

*Singapore Pte. Ltd. v. Alpacore Maritime Inc.,*
 794 F. Supp. 2d 449 (S.D.N.Y. 2011) ............................................................................8

*Stoner v. Walsh,*
 772 F. Supp. 790 (S.D.N.Y. 1991) ...............................................................................15

*Wood v. FBI,*
 432 F.3d 78 (2d Cir. 2005) ...........................................................................................13

**STATUTES**

Title III of the Americans with Disabilities Act ................................................................ *passim*

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

**OTHER AUTHORITIES**

28 CFR pt. 36, § 36.304 ................................................................................................................6

Local Civil Rule 6.3 .................................................................................................................1, 7, 8

Fed. R. Civ. P. 11 ............................................................................................................................5

Fed. R. Civ. P. 26 ..........................................................................................................................13

Fed. R. Civ. P. 26(b)(1) .................................................................................................................13

Fed. R. Civ. P. 26(b)(2) .................................................................................................................13

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) .....................................................................................12, 13, 14

# PRELIMINARY STATEMENT

Defendants submit this Memorandum of Law in opposition to Plaintiff's October 10, 2014 Motion for Reconsideration ("Motion") of the Court's September 24, 2014 Order ("Order") granting a stay in this lawsuit brought pursuant to Title III of the Americans with Disabilities Act ("ADA"). The Order is reflected in a September 26, 2014 Minute Entry.[1]

The Motion should be denied as it identifies no "matters or controlling decisions" that the Court "overlooked," as Local Civil Rule 6.3 requires. The Motion makes the same arguments Plaintiff's counsel made and the Court rejected on September 24.

The Court properly cited and applied the standards for a stay in a recent ADA Title III decision by Judge Cote, *Gropper v. Fine Arts Hous., Inc.*[2] Moreover, the Court has discretion to control its own docket and discovery. Its Order correctly weighed the interests of both the parties and the Court. Given Defendants' undisputed efforts to fix any accessibility issues, and the subject buildings' landmark status, it would be wasteful to engage in discovery now.

Plaintiff's counsel's primary factual contention is that Defendants' counsel's statements were not "admissible evidence." Without any factual basis, Plaintiff's counsel alleges that Defendants' counsel's representations were false. However, this brief and the affidavits and documents submitted herewith demonstrate they were entirely accurate. Plaintiff's brief is not.

The Order properly stopped Plaintiff's counsel from running up attorneys' fees in unnecessary discovery while Defendants remedy any ADA issues at the subject buildings.

---

[1] On October 20, 2014, Plaintiff also filed a Notice of Appeal (Docket entry 35) from the Order.
[2] *Gropper v. Fine Arts Hous., Inc.*, 2014 U.S. Dist. LEXIS 66229, 2014 WL 1327964, at *8-10 (S.D.N.Y. May 14, 2014) cited at p. 2 of the September 24 transcript ("Tr."), P. Mem., attach. 1. A copy of *Gropper* is attached as Exhibit 2 to the Affidavit of Eric D. Witkin submitted herewith.

## FACTS

The Motion consists of a brief ("P. Mem.") with attachments but no affidavit. One attachment (3) is one page from 2009 in a New York City Landmarks Preservation Commission ("LPC") file of the application to install an ADA-compliant ramp at 484 Broadway where it was proposed to locate Defendant J. Crew Inc.'s ("J. Crew") store. Plaintiff's counsel makes unsupported and unsworn claims, based partly on that one LPC page, that Defendants' counsel made misrepresentations to the Court on September 24 before it issued the Order. Those claims are refuted by the affidavits and documents submitted herewith.[3]

On June 19, 2014, Defendants' counsel appeared at an initial status conference in the Court's chambers with Plaintiff's counsel Robert Hanski (Witkin Aff. ¶ 3). At that conference Defendants' counsel told the Court that Defendants wished to resolve the case and to remedy whatever accessibility issues could be remedied, that the property in question was a landmark, and that the LPC had not approved the prior attempt to build an accessible ramp to the Broadway entrance to the building housing the proposed J. Crew store at issue (*id.*). Defendants' counsel explained that Title III of the ADA provided only for injunctive relief, that an injunction here was not appropriate in light of the above facts, and therefore that discovery would be pointless and would simply waste money and run up fees (*id.*).

Defendants' counsel argued to the Court on June 19 that the purpose of ADA Title III was to remediate alleged non-compliance and not to line the pockets of attorneys bringing such claims, and that there was nothing to litigate or conduct discovery about because Defendants'

---

[3] Those affidavits are by Defendants' counsel Eric D. Witkin dated October 21 ("Witkin Aff."), and by architect John Furth Peachy ("Peachy Aff.") and J. Crew Vice President of Construction Mike Henry ("Henry Aff.") dated October 20. On October 15, 2014, Defendants sought the Court's permission to file the affidavits in order to rebut the Motion's unsupported statements (Docket Nos. 31, 33). Plaintiff opposed that application (Docket Nos. 32, 34). On October 21, 2014, Defendants' counsel was informed that the Court granted Defendants' application.

position was that they would remediate all issues the LPC permitted them to remediate (*id.*). Accordingly, Defendants' counsel argued that the matter should be settled promptly and asked the Court to stay discovery pending a settlement conference (*id.*). The Court agreed, stayed discovery and referred the case to Magistrate Judge Gorenstein to conduct a settlement conference (*id.*). At the June 19 conference, the Court also rejected Robert Hanski's request for expert discovery after Defendants' counsel argued that Plaintiff's Complaint paragraph 23, listing 33 alleged access issues at the property, showed Plaintiff's counsel had already visited the property and made such discovery unnecessary (*id.*).

Judge Gorenstein scheduled the settlement conference for August 8, 2014 (Witkin Aff. ¶ 4). The settlement conference proceeded on August 8 (*id.*). Submitted herewith are excerpts from the LPC's 1973 designation of the Defendants' property for inclusion in the Soho-Cast Iron Historic District (*id.*; Witkin Aff. Exhibit 1). Documents related to the owner's prior 2008-2009 LPC application for a compliant ramp at 484 Broadway also are submitted herewith (*id*; *see* Peachy Aff. Exhibit 1).

Subsequently, another application to LPC to approve an accessible Broadway entrance to the 484 Broadway was prepared (Witkin Aff. ¶ 5). That application was filed on September 24, 2014, the same day the parties appeared before this Court for another status conference that had been scheduled on June 19 (*id.*). A copy of the September 24, 2014 LPC application is attached

as Exhibit 2 to the affidavit of architect John Furth Peachy, submitted herewith (*id.*).[1] Also J. Crew obtained a temporary ramp for its entrance pending LPC approval and installation of a more permanent accessible entrance, will install a buzzer and signage informing disabled customers to push the buzzer to notify the store's employees and also has stationed a door person for that purpose, as is attested in the affidavit of J. Crew Vice President of Construction Mike Henry submitted herewith (*id.*).

Much of the September 24 conference with the Court was conducted without a transcript being made (Witkin Aff. ¶ 6). At the September 24 conference, Defendants' counsel also asked the Court to continue the discovery stay in light of Defendants' ongoing remediation efforts, including the new LPC application filed that day, which was scheduled to be heard by LPC on October 21 (*id.*). In response to Plaintiff counsel Adam Hanski's request, we told the Court that we would furnish to Plaintiff's counsel a copy of the LPC application (*id.*), which, as noted, is Exhibit 2 to the affidavit of the landlord's architect, John Furth Peachy.

At the September 24 conference, Defendants' counsel reiterated the arguments for staying discovery that he had made in the June 19 initial status conference, including that the purpose of the ADA was to remediate accessibility issues and not to line the pockets of attorneys who charge fees for engaging in unnecessary discovery (Witkin Aff. ¶ 7). Defendants' counsel also noted that Judge Cote had stayed another lawsuit by the same plaintiff's attorneys against another landmark property housing the famous Nobu restaurant, where the restaurant had a

---

[1] Today, Mr. Peachy's office informed Defendants' counsel that LPC had approved the application today (Witkin Aff. ¶ 16).

voluntary compliance agreement with the Department of Justice to complete the remediation (*id.*). Defendants' counsel submitted to the Court and to Plaintiff's counsel copies of Judge Cote's opinion in *Gropper* (Witkin Aff. Exhibit 2). Defendants' counsel argued that there were parallels here, because, as in *Gropper*, Defendants here had undertaken to do the remediation to ensure that the property was as compliant with the ADA as possible. After reviewing Judge Cote's opinion, the Court then indicated that it would stay discovery.

The Court went on the record, and the transcript began when the Court made a record of its Order, which cited Judge Cote's opinion (Witkin Aff. ¶ 8). When it issued its September 24, 2014 Order, the Court instructed Plaintiff's counsel that if Plaintiff wished to modify the Order, Plaintiff was free to make an application that complied with Rule 11 (*id.*).

Plaintiff's counsel makes factual contentions that lack evidentiary support and are contrary to the facts. For example, they assert that the Order was based on "testimony" by Defendants' counsel Eric Witkin and Joel L. Finger (P. Mem. 1, 4). That is not true. First, Joel Finger, who was at counsel's table, said nothing during that conference (Witkin Aff. ¶ 9). Second, counsel was not under oath and did not give testimony (*id.*). Defendants' counsel did make representations to the Court based on facts as he understood them, which the affidavits and documents submitted herewith corroborate. But Plaintiff's counsel – unsupported by anything that is sworn – accuses Defendants' counsel of making "misrepresentations" (P. Mem. 3, 5) that "cannot be believed" (P. Mem. 5) and "material fabrications" (P. Mem. 8). Those serious and false allegations are addressed below and in the accompanying affidavits (Witkin Aff. ¶ 9).

Specifically Plaintiff's counsel alleges that LPC's rejection of the prior attempt to make the proposed J. Crew store accessible "is fiction, not fact" (P. Mem. 5). In fact, as the affidavit of architect John Furth Peachy submitted herewith attests, LPC did not approve the external ramp proposed in 2008-2009, and it was for that reason that the application was not successful

(Witkin Aff. ¶ 10). Plaintiff counsel's unsworn assertion, based solely on one LPC document, does not reflect what in fact occurred (*id.*). Plaintiff's counsel's unsworn allegation thus is inaccurate (*id.*).

Plaintiff's counsel also alleges that "defendants altered the previously accessible street-level entrance to the J. Crew store and installed steps at the entrance" (P. Mem. 2). That allegation is not true (Witkin Aff. ¶ 11). If Plaintiff's counsel's use of the word "accessible" means ADA-compliant, there was no accessible entrance to the property when the 2008-2009 LPC application was made before the J. Crew store occupied the premises (*id.*). As the affidavit of architect John Furth Peachy submitted herewith attests, when J. Crew was preparing to occupy the space at issue, the existing entrance was not compliant and the purpose of the 2008-2009 LPC application was to create a compliant entrance (*id.*). The step that was installed at the J. Crew store anticipated that LPC would approve the proposed ADA-compliant ramp (*id.*).

Next, Plaintiff's counsel alleges that "temporary ramps are not accessible, or safe" without citing any authority for this point (P. Mem. 6). The affidavit of Mike Henry submitted herewith attests that a temporary ramp is in place at the J. Crew store (Witkin Aff. ¶ 12). Plaintiff's counsel cites no authority to support its allegation that such ramps are "not accessible or safe." In fact the ADA regulations and guidelines specifically contemplate the use of temporary ramps in certain circumstances. ADA Title III regulation, 28 CFR Part 36, Sec. 36.304 "Removal of barriers," states in part:

> (e) **Portable ramps.** Portable ramps should be used to comply with this section only when installation of a permanent ramp is not readily achievable. In order to avoid any significant risk to the health or safety of individuals with disabilities or others in using portable ramps, due consideration shall be given to safety features such as nonslip surfaces, railings, anchoring, and strength of materials.

Plaintiff's counsel alleges multiple design and architectural barriers that violate the ADA (P. Mem. 6), but they do not dispute that Defendants represented that any such barriers will be

addressed. The affidavits submitted herewith attest that they have been and are being addressed (Witkin Aff. ¶¶ 5, 13).

At the September 24 conference, Plaintiff's attorney Adam Hanski stated that Plaintiff did not agree that the property at issue is a landmark building (Tr. 3). Excerpts from LPC's 1973 Soho-Cast Iron Historic District Designation Report (Witkin Aff. Exhibit 1) demonstrate that the property at issue is in a landmark district.

## ARGUMENT
## PLAINTIFF'S REQUEST FOR RECONSIDERATION MUST BE DENIED
### A. Standards For Reconsideration

Under Local Rule 6.3, a court may grant a motion for reconsideration only where it has "overlooked 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n. 2 (2d Cir. 2000)). "Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to the Court'." *Id.* at 695-96 (quoting *Christoforou v. Cadman Plaza N., Inc.*, 2009 U.S. Dist. LEXIS 25162, at *22, 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009)). As stated in *Drapkin*, reconsideration is "'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[.]'" *Id.* at 695 (internal citation and quotation omitted).

Plaintiff has not overcome this high hurdle. His Motion identifies no arguments, facts or law previously presented to, but overlooked by, the Court. To the extent any of Plaintiff's counsel's arguments are new ones, they failed to raise them on September 24, although they had every opportunity to do so. For this reason, the Motion for reconsideration should be denied.

7

The cases cited by Plaintiff on pages 7-8 of his brief are in full agreement with the above. *FR 8 Singapore Pte. Ltd. v. Alpacore Maritime Inc.*, 794 F. Supp. 2d 449, 451 (S.D.N.Y. 2011) ("the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court") (citations and internal quotations omitted). *Houbigant, Inc. v. ACB Mercantile, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) ("[a] rule 3(j) [now Rule 6.3] motion is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved. As such, a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court") (citations and internal quotations omitted).

### B. Plaintiff's Disagreement With The Court's Decision Does Not Raise Factual Or Legal Issues Sufficient For A Successful Motion To Reconsider.

The Court did not utilize *Gropper* as its "sole legal authority," or "overlook[ ] the controlling legal standard governing the grant of a stay" (P. Mem. 4, 8). Rather, as Plaintiff's counsel recognizes, the Court possesses inherent power to control its own docket and calendar. (P. Mem. 8); *Goldstein v. Time Warner New York City Cable Grp.*, 3 F. Supp. 2d 423 (2d Cir. 1998). Thus, a court's decision to issue a stay is "firmly within a district court's discretion." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (citations and internal quotations omitted). Indeed, the Supreme Court has set forth that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). That is precisely what the Order did here.

In determining whether to grant a stay, courts consider five factors:

(1) the private interests of plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to plaintiff delayed; (2) the private interests of and burden on the defendant; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Catskill Mountains Chapter of Trout Unlimited, Inc., v. EPA,* 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (listing five-factor test cases). The stay here is not an "extraordinary remedy," as in a stay pending a criminal trial.[5]

At the September 24 conference, Plaintiff argued that he would be prejudiced by a stay. In response, Defendants argued that no prejudice would result because of Defendants' remediation efforts, and that the interests of the parties, the Court, and persons not parties to the litigation merited a stay. Notwithstanding Plaintiff's contentions to the contrary, the Court reasonably exercised its discretion in granting the stay.

If the Court decides to reconsider the five factors above, they weigh in favor of a stay. First, Plaintiff is not prejudiced by the stay. Plaintiff's counsel claims that "each and every minute that defendants deny him access, he is discriminated against and harassed" due to the alleged accessibility violations (P. Mem. 12). However, the *raison d'etre* of the ADA claim here is to correct those violations, which Defendants are now doing. *See Powell v. Nat'l Bd. of Med. Examiners,* 364 F.3d 79, 86 (2d Cir. 2004) (prospective injunctive relief is only relief available to a private plaintiff). Plaintiff cannot be prejudiced when Defendants are engaging in the

---

[5] Plaintiff extensively cites *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012), which involved a request to stay a civil action pending resolution of the criminal prosecution of two individual defendants. Unlike that case, here there is no issue of whether the civil proceedings would interfere with Plaintiff's constitutional rights or rights against self-incrimination. *Id.* at 97. While a "stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy," that is not in the case here. *Id.* at 98 (citations omitted.) It is inappropriate to consider effects on "constitutional rights" or "life and liberty" (P. Mem. 10-11) as part of Defendants' burden of proof.

remediation requested in the Complaint. As set forth in *Gropper*, Plaintiff is not prejudiced when Defendants are given time to properly work through the ADA process:

> Since the [store] is located in an historic district, certain modifications to the premises require prior approval from New York City agencies. Accordingly, it will take some time to determine whether the defendants have satisfactorily complied with the requirements of the [ADA] and to learn the final configuration of the [store's] premises. Continuing the litigation in these circumstances would require the parties to expend substantial resources at a time when they have every reason to expect that the premises will be undergoing changes that are material to the issues raised in this litigation. Moreover, it may lead to inefficiencies in litigation that would cause an unnecessary drain on this Court's resources.

2014 U.S. Dist. LEXIS 66229, at *3-4, 2014 WL 1327964, at *9 (Witkin Aff. Ex. 2).[6]

As to the second factor, obviously it is in the interests of Defendants to demonstrate full compliance with the ADA quickly and to avoid unnecessary expenditure of resources through unnecessary litigation. *Id.; see also Catskill Mountains Chapter of Trout Unlimited, Inc.*, 630 F. Supp. 2d at 304-07 (staying case pending outcome of other proceeding); *see also Bernardo v. E. Associated Coal, LLC*, 2009 U.S. Dist. LEXIS 17493, at *3-6, 2009 WL 564445, at *1-2 (N.D. W.Va. March 3, 2009) (stay of discovery pending outcome of workers' compensation case which might impact case; defendant contended that "its ability to engage in meaningful settlement negotiations will be hampered until the workers' compensation claim is resolved").

As to the third factor, the interests of the Court, it is baseless for Plaintiff's counsel to claim that a stay would "lead to more violations by defendants," (P. Mem. 13), when Defendants are engaging in remediation to comply with the law. As held in *Gropper*, where there will be changes to the premises that are material to the issue raised in the litigation, continuing the

---

[6] Plaintiff's counsel's claim that Plaintiff is prejudiced by inaccessibility to the Madewell store is false. There is a disabled-access entrance on the Broome Street side of the store, which has a sign in the front of the building pointing to that entrance (Affidavit of Mike Henry ¶ 2).

litigation "may lead to inefficiencies ... that would cause an unnecessary drain on this Court's resources." 2014 U.S. Dist. LEXIS 66229, at *4, 2014 WL 1327964, at *9. It is more convenient for the Court to give Defendants a chance to accomplish the remediation without having to supervise litigation at the same time. *Id.; see also Lopez v. Wasko*, 2014 U.S. Dist. LEXIS 134483, at *5-6, 2014 WL 4746723, at *2 (D. Col. Sept. 24, 2014) ("it is certainly more convenient and efficient for the Court to enter a stay while the parties engage in settlement discussions").

As to the fourth and fifth factors, regarding persons not parties and the public interest, it is not true, as Plaintiff's counsel contends, that continuing with discovery will "benefit numerous other individuals" (P. Mem. 13-14). Continued litigation and running up attorneys' fees, rather than remediating this case, will only interfere with the benefit to others of Defendants remedying any violations. Plaintiff's counsel claims it would be "bad precedent" to allow Defendants to voluntarily apply to the LPC for approvals after a lawsuit has been filed (P. Mem. 11). That is absurd. If Defendants did not apply, it would diminish the possibility that Plaintiff would receive the accessibility relief he requests here, and Plaintiff's counsel would be arguing to this Court that Defendants should have applied.[7] Moreover, as stated by Judge Cote:

> Private parties should be encouraged to comply voluntarily with the ADA. ... Subjecting private parties to largely duplicative litigation while they are engaged in an ongoing effort to comply with the law discourages voluntary compliance.

---

[7] Indeed, Plaintiff's counsel contends, inaccurately, that Defendants did not try hard enough to win LPC approval for an accessible ramp in 2008-2009 (P. Mem. 5). Defendants disagree. However, even if Plaintiff's counsel were correct, the ADA claim Plaintiff asserts is about the present, not the past. If Plaintiff's claim has any merit and there is a possibility that LPC will now approve a compliant entrance, Defendants must re-apply to the LPC for permission to construct that compliant entrance to the J. Crew store. That is what they have done.

*Gropper*, 2014 U.S. Dist. LEXIS 66229, at *4, 2014 WL 1327964, at *9 (Witkin Aff. Ex. 2). The public will also benefit, because if violations are remedied, non-parties will not need to resort to the judicial process to obtain relief.

Therefore, the Court properly exercised its discretion to issue a stay while the remediation process is continuing.

### C. There Were No Misrepresentations

Plaintiff cites no authority for his proposition that a stay order must be based on "admissible evidence" and not upon counsel's representations (P. Mem. 1). In fact, Defendants' counsel's statements were correct.[8] *See* the facts at pp. 1-7 above and affidavits and documents submitted herewith. It is undisputed that the property here at issue is in a landmark district and that Defendants have represented they are addressing all accessibility issues.

### D. The Stay Was An Appropriate Exercise Of The Court's Discretion Pursuant To The Federal Rules Of Civil Procedure.

The sources of the Court's authority to stay discovery are not limited to its "inherent" power to control its docket under *Landis* and *Louis Vuitton Malletier S.A.* Federal Rule of Civil Procedure 26(b)(2)(C) states that:

> [o]n motion *or on its own*, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

---

[8] Notably, Plaintiff's counsel's arguments in the Motion are unsworn and inadmissible.

> stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) (emphasis added). The Court may limit discovery based on any of these factors. *Reynolds v. Sealift, Inc.*, 311 F. Appx. 422, 426 (2d Cir. 2009).

Here, the Court correctly determined *on its own* that the burden or expense of discovery would outweigh its likely benefit because Defendants have represented that they are addressing the accessibility issues raised in the Complaint and have sought permission from the New York City Landmarks Commission to make the external alterations necessary to bring the subject premises into compliance with the ADA. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Tr. at 2:2-3:10. The Court rightly recognized that discovery would therefore serve no purpose other than to "run up legal fees and expert fees[.]" *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Tr. at 3:2-4.

The Court's Order staying discovery embraces the core purpose of Rule 26, and was not an abuse of its "broad discretion to manage pre-trial discovery[.]" *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005) (Sotomayor, J.). Judge Cote of this Court wrote in *Fed. Hous. Fin. Agency v. UBS Americas, Inc.* that Rule 26 "has several times been amended with the aim of giving judges the discretion to limit discovery in the interest of conserving resources, and of encouraging judges to use that discretion." 2013 U.S. Dist. LEXIS 92081, at *42, 2013 WL 3284118, at *12 (S.D.N.Y. June 28, 2013). In discussing the evolution of Rule 26, Judge Cote observed that:

> [i]n 1983, the Advisory Committee noted that it was motivated by a desire to encourage judges to be more aggressive in identifying and discouraging discovery overuse . . . When Rule 26 was amended again in 1993, the Advisory Committee observed that it wanted to enable the court to keep tighter rein on the extent of discovery in the face of [t]he information explosion of recent decades, which greatly increased both the potential cost of wide-ranging discovery and the potential for discovery to be used as an instrument for delay or oppression . . . In 2000, Rule 26(b)(1) was amended to add a redundant cross-reference to the proportionality provisions of Rule 26(b)(2), which the Advisory Committee

> explained was necessary to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery.

2013 U.S. Dist. LEXIS 92081, at *42-43, 2013 WL 3284118, at *12 (citations and internal quotations omitted; alteration in original).

Plaintiff desires unnecessary and costly discovery. The Court rightly stayed it as it was authorized to do by Fed. R. Civ. P. 26(b)(2)(C). Discovery is unnecessary here because Defendants are addressing all accessibility issues raised by Plaintiff. Plaintiff's attorneys can only recover their fees in this case if the Court issues an injunction, but if the accessibility issues are addressed, there will be no injunction and therefore no attorneys' fees. *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) (Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages"); *Rush v. Fresh & Easy Neighborhood Mkt., Inc.*, 2011 U.S. Dist. LEXIS 156514, at *4 (C.D. Cal. Dec. 6, 2011)[9] (the ADA provides attorneys' fees only to the "'prevailing party,' who must have 'secure[d] a judgment on the merits or a court-ordered consent decree'") (quoting *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001)).[10] Defendants' remediation will make Plaintiff's ADA claim moot and preclude an injunction here.[11]

Plaintiff's counsel makes conclusory allegations of prejudice but does not support them. There is no prejudice to Plaintiff because Defendants are addressing all accessibility issues raised

---

[9] As this decision is not available on Westlaw a copy is annexed to the Witkin Aff. as Ex. 3.

[10] *See also Disabled Patriots of Am., Inc. v. Niagara Group Hotels, LLC*, 688 F. Supp. 2d 216, 221 (W.D.N.Y. 2010).

[11] *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 732 (2013); *Powell*, 364 F.3d at 86; *Kahn v. NYU Med. Ctr.*, 2007 U.S. Dist. LEXIS 49840, at *16-19, 2007 WL 2000072, at *5 (S.D.N.Y. Jul. 10, 2007) (injunctive relief not available under ADA where complaint alleged "past wrongs"), *aff'd*, 328 F. App'x 758 (2d Cir. 2009); *Azrelyant v. B. Manischewitz Co.*, 2000 U.S. Dist. LEXIS 2192, at *1, 2000 WL 264345, at *9 (E.D.N.Y. Jan. 12, 2000) (ADA claim dismissed as moot where defendant remediated after suit filed); *Nat'l Alliance for Accessability, Inc. v. Walgreen Co.*, 2011 U.S. Dist. LEXIS 13617, at *7-10, 2011 WL 5975809, at *3 (M.D. Fla. Nov. 28, 2011).

in the Complaint and are seeking permission from the LPC to make external alterations to bring the entrance to the subject premises into better compliance with the ADA (Witkin Aff. ¶ 5). The only potential prejudice in a stay is to Plaintiff's counsel's hypothetical fee application, because the stay prevents them from running up fees by burdening Defendants with discovery that serves no purpose. Plaintiff's counsel's brief is bereft of any legitimate explanation as to what discovery will unearth, or how it will advance the "purpose of discovery," which is "to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991) (Mukasey, J.). *See also In re: Bank of New York Mellon Corp. Forex Transactions Litig.*, 2014 U.S. Dist. LEXIS 142945, at *65-66, 2014 WL 4827945, at *2 (S.D.N.Y. Sept. 22, 2014) ("The Court encourages counsel to bear in mind that discovery is a means for the just, speedy, and inexpensive determination of lawsuits, not an end in itself"). The salient facts are known to the parties and the Court; discovery will not uncover anything new or relevant.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Reconsideration must be denied. In the event the Motion is granted and the Court reconsiders the Order, Defendants ask the Court to adhere to the stay Order after reconsideration.

Dated: New York, New York
October 21, 2014

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

s/ _[signature]_
Joel L. Finger
Eric D. Witkin
900 Third Avenue
New York, NY 10022
(212) 583-9600
Attorneys for Defendants